HARRY CHEW, PLAINTIFF-RESPONDENT, v. WILLIAM J. MARKEIM, DEFENDANT-APPELLANT.

Submitted October 1, 1940—Decided January 25, 1941.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-respondent, *Patrick H. Harding.*

For the defendant-appellant, *Norcross & Farr* (*Thomas N. Farr,* of counsel).

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment entered in the court below in favor of respondent. The suit was based on

an allegation that the parties entered into a verbal agreement to divide equally any profit which might result from the sale of certain real property. The parties were both engaged in the real estate business; they had been selling on commission lots belonging to a real estate development company which was indebted to both of them; that company was in financial difficulty, being unable to give good title to lands it desired to sell because of tax and other liens; it made a contract with the parties to this suit whereby they were to advance sufficient moneys to discharge the liens so that a contemplated sale could be effected in consideration of which and its other obligations to them it agreed to sell them at an agreed price certain lots. The contract on which the instant suit was based grew out of that situation. Title was taken and for convenience put in the name of a corporation controlled by the appellant. It being alleged by the respondent that the parol agreement was that upon the sale of the property thus acquired the profit was to be divided. The property was sold at a profit. The making of this contract and the amount of profit from the sale of the property are in dispute, those facts were for the trial court to decide and there being testimony supporting his conclusions this court may not disturb the result.

Several reasons are advanced by appellant for reversal. It is argued that it was error to have admitted evidence, over objection, of the alleged parol agreement. Reliance is had on *R. S.* 25:1-3 which provides that the creation of trusts in real estate shall be void unless proved by some writing signed by the declarant of the trust. We do not think that this statute is in point. There was no trust in real estate created or contemplated. The title to the property was in nowise involved. Nor did the contract concern an interest in land as defined in the statute of frauds, *R. S.* 25:1-5. It was simply for the division of profits derived from the sale of land. Such a contract does not need to be in writing to be valid. *Cf. Partridge* v. *Cummings*, 99 *N. J. Eq.* 14; 27 *Corp. Jur.* 221, § 206.

Another point made by appellant is that error was committed by the trial court in denying a motion for a nonsuit

on the ground that no consideration had been shown to support the agreement. We think that there is no merit to this contention because the testimony showed that this property was taken for the mutual benefit of the parties, consideration was shown by the facts and by clear inferences which might be drawn from the testimony.

Finally it is argued that in any case the judgment found, $327.22 and costs, was excessive and not supported by the proofs. Not so. There was a disputed question of fact as to the amount of profit derived from the transaction which was for the trial court and there was testimony which justifies the verdict.

The judgment is affirmed, with costs.